**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derick Edward Conner,<br><br>    Plaintiff,<br><br>vs.<br><br>Sgt. Martinez,<br><br>    Defendant. | No. CV 05-2428-PHX-MHM (BPV)<br><br>**ORDER** |

Plaintiff, presently confined in the East Unit of the Arizona State Prison Complex in Florence, Arizona, has filed a civil rights action pursuant to 42 U.S.C. § 1983. The Court will require an answer to the Complaint.

**A.     Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of **$250.00** for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1).

Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. The Court will direct the appropriate agency to collect these monthly payments, which will be forwarded to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Plaintiff should take notice that if he is released before the filing fee

**TERMPSREF**

1   is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of
2   the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days
3   of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in
4   writing, why he is unable to pay the remainder of the filing fee.

**B.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

**C.     Complaint**

Plaintiff's action concerns an incident at the Estrella Jail in Phoenix, Arizona.  In his Complaint Plaintiff alleges that Defendant Sgt. Martinez ordered Plaintiff with a taser gun to sit in bird feces.  Plaintiff states that he complied with the order and then Sgt. Martinez and another officer "rushed" at Plaintiff and violently placed him in handcuffs behind his back. Plaintiff claims that the officers lifted him off of the ground by the handcuffs until his face was just over a foot off of the ground.  Plaintiff alleges he was then dropped and kicked into the hallway and kicked while being dragged to medical where he was treated for injuries. Plaintiff asserts that he suffers from an injury to his right shoulder as a result of Defendant's actions.  These allegations adequately state a claim, and the Court will require an answer to the Complaint.

**D.     Dismissal**

*1. Maricopa County Sheriff's Office*

Plaintiff lists the Maricopa County Sheriff's Office as a Defendant.  In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties, and not a

1  "person" amenable to suit pursuant to § 1983. Accordingly, the Maricopa County Sheriff's
2  Office will be dismissed from this action as an improper Defendant.

3  *2. Unidentified MCSO Officer (Estrella Jail)*

4  In Count I Plaintiff alleges that an unidentified officer acted with Defendant Martinez
5  in violation of Plaintiff's constitutional rights. Generally, the use of anonymous type
6  appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil
7  Procedure requires the plaintiff to include the names of the parties in the action. As a
8  practical matter, it is impossible in most instances for the United States Marshal or his
9  designee to serve a summons and complaint or amended complaint upon an anonymous
10 defendant.

11 The Ninth Circuit has held that where identity is unknown prior to the filing of a
12 complaint, the plaintiff should be given an opportunity through discovery to identify the
13 unknown defendants, unless it is clear that discovery would not uncover the identities, or that
14 the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d
15 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).
16 Plaintiff may use the discovery processes to obtain the names of the persons whom he
17 believes violated his constitutional rights. If Plaintiff discovers the true identity of the
18 unidentified party through the discovery process, or otherwise, he may seek leave of the
19 Court to amend his complaint to name the individual in place of Unidentified MCSO Officer.

20 *3. Count II - Property*

21 Due process is not violated when a state employee negligently deprives an individual
22 of property, as long as the state makes available a meaningful postdeprivation remedy.
23 Hudson v. Palmer, 468 U.S. 517, 533 (1984). The rationale is that predeprivation procedures
24 are impractical when the deprivation of property occurs through random and unauthorized
25 conduct of a state employee, because the state cannot know when such deprivations will
26 occur. This logic extends to intentional deprivations of property. Id. The availability of a
27 common-law tort suit against the state employee constitutes an adequate postdeprivation
28 remedy. Id. at 534-35. Plaintiff's allegations that the Maricopa County Sheriff's Office lost

1 his property does not give rise to a due process claim. Accordingly, Count II will be
2 dismissed without prejudice.

### 4. Count III - Access to the Court

To state a § 1983 claim, a plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and that conduct. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has not connected his claim to any of the named Defendants. As discussed *supra*, the Maricopa County Sheriff's Office is an improper Defendant. Because Plaintiff has failed to name a Defendant who may be liable for Plaintiff's access to the court claim, Count III will be dismissed without prejudice.

### 5. Count IV - Retaliation

A valid constitutional claim requires an affirmative link between an injury and the specific conduct of a defendant. Rizzo, 423 U.S. at 371-72, 377. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For a person to be liable in his official capacity, Plaintiff must allege that he acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).

In Count IV, Plaintiff alleges that he was wrongfully retaliated against when he was placed in "close custody" segregation after his cell mate broke a cell window. Plaintiff does not, however, allege facts to show what individual was personally involved in the unconstitutional conduct. Nor does Plaintiff establish that the action was the result of a policy which a named Defendant enacted and enforced. Because Plaintiff does not identify any Defendant who may be liable for retaliation, Count IV will be dismissed without prejudice.

### 6. Count V - Hart v. Hill

Plaintiff alleges that the overcrowding at the Estrella Jail violated an amended agreement in "Hart v. M.C.S.O." Plaintiff is referring to Hart v. Hill, No. CIV 77-0479-

1 PHX-EHC (MS) (D. Ariz.). Jurisdiction to enforce the judgment is retained by the court
2 which entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights
3 action is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d
4 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v.
5 Pung, 920 F.2d 525, 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th
6 Cir. 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983
7 claim for damages because such orders do not create "rights, privileges, or immunities
8 secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial decrees are
9 the means by which unconstitutional conditions are corrected but they do not create or
10 enlarge constitutional rights. Id. at 1123. To the extent Plaintiff seeks to enforce Hart v.
11 Hill, his claim is not properly brought in this action. Instead, his allegations must separately
12 state a violation of a constitutional right.

13 Moreover, there are no named Defendants who may be liable for Plaintiff's claim of
14 overcrowding. Accordingly, Count V will be dismissed without prejudice.

15 **E.     Rule 41 Cautionary Notice**

16 Plaintiff should take notice that if he fails to timely comply with every provision of
17 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
18 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
19 61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of
20 the Court).

21

22 **IT IS THEREFORE ORDERED that:**

23 (1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28
24 U.S.C. § 1915(a)(1).

25 (2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. No
26 initial partial filing is assessed.

27 (3) The following Defendants are dismissed without prejudice: Maricopa County
28 Sheriff's Office; Unidentified MCSO Officer (Estrella Jail); and Unidentified Officer (Lower

1  Buckeye Jail).

2  (4) Counts II, III, IV, and V are dismissed without prejudice.

3  (5) The Clerk of Court shall send Plaintiff a service packet including the Complaint,
4  this Order, and both summons and request for waiver forms for Defendant Martinez.

5  (6) Plaintiff shall complete and return the service packet to the Clerk of Court within
6  20 days of the date of filing of this Order. The United States Marshal will not provide
7  service of process if Plaintiff fails to comply with this Order.

8  (7) If Plaintiff does not either obtain a waiver of service of the summons or complete
9  service of the Summons and Complaint on each Defendant within 120 days of the filing of
10 the complaint or within 60 days of the filing of this Order, whichever is later, the action may
11 be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of
12 Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure.

13 (8) The United States Marshal shall retain the Summons, a copy of the Complaint,
14 and a copy of this Order for future use.

15 (9) The United States Marshal shall notify Defendant of the commencement of this
16 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
17 Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The
18 Marshal shall file waivers of service of the summons or requests for waivers that were
19 returned as undeliverable as soon as they are received. If a waiver of service of summons
20 is not returned by a Defendant within thirty days from the date the request for waiver was
21 sent by the Marshal, the Marshal shall:

22 (a) Personally serve copies of the Summons, Complaint, and this Order upon the
23 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

24 (b) Within 10 days after personal service is effected, file the return of service for
25 the Defendant, along with evidence of the attempt to secure a waiver of service of the
26 summons and of the costs subsequently incurred in effecting service upon the
27 Defendant. The costs of service shall be enumerated on the return of service form
28 (USM-285) and shall include the costs incurred by the Marshal for photocopying

additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)  Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(13)  Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(14) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

1   (15) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(16) This matter is referred to Magistrate Judge Bernardo P. Velasco pursuant to Rule 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 26th day of March, 2006.

_____
Mary H. Murguia
United States District Judge