**WO**                                                                                                                                JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Derick Edward Conner,  )   No. CV 05-2428-PHX-MHM (BPV)
           Plaintiff,  )
                       )   **ORDER**
vs.                    )
                       )
Sgt. Martinez,         )
           Defendant.  )

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. #7). Plaintiff responded and Defendant replied (Doc. ##9, 10). The Court will grant Defendant's motion.

**I. Background**

Plaintiff sued Defendant Sgt. Martinez and alleged that Defendant used excessive force and assaulted him in violation of his constitutional rights[1] (Doc. #1). In his verified Complaint Plaintiff stated that he submitted a request for administrative relief on his excessive force claim, but that he did not appeal it because he was told he could not grieve the issue due to a conflict of interest (Id. at 4). The Court ordered an answer, and Defendant filed a Motion to Dismiss (Doc. ##4, 7).

In his motion, Defendant contends that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a)

---

[1] Upon screening, the Court dismissed the Maricopa County Sheriff's Office and two unidentified MCSO Officers as Defendants (Doc. #4). The Court also dismissed Counts II, III, IV, and V.

(Doc. #7). In support of the motion, Defendant submits the affidavit of Susan Fisher, a Sergeant with the Inmate Hearing Unit (Ex. 1, Doc. #7). Fisher attests that inmates are provided a copy of the "MCSO Rules and Regulations for Inmates" which outlines the grievance procedure (Fisher Aff. ¶ 4). She further attests that inmates may grieve any issue pertaining to conditions within the jail (Id. ¶ 5). According to the sheriff's office records, Plaintiff has filed 29 grievances; however, none of the grievances relate to the claim in this action (Id. ¶ 7). Also attached to the motion was a copy of the Inmate Grievance Procedure, Policy DJ-3, and a copy of Section 10 of the "MCSO Rules and Regulations for Inmates" (Exs. A-B, Doc. #7).

The Court issued an order informing Plaintiff of his obligation to respond and of the quantum of evidence necessary to successfully rebut Defendant's contentions (Doc. #8). Plaintiff filed a response in which he asserts that in the three days following the assault, he was transferred to three different jails, which prevented him from being able to file a grievance (Doc. #9). Plaintiff states that he filed a grievance - No. 05-0815 - on June 5, 2005, and asserted that his attempts to seek any remedy for medical or civil rights violations was futile without knowledge of the grievance policy (Doc. #9 at 3). He further asserts that he did not receive a copy of the "MCSO Rules and Regulations" until June 25, 2005, almost 30 days after the alleged incident (Id. at 3). Upon receipt of the rules and regulations, Plaintiff learned that grievances must be filed within 24 hours of the event; thus, he felt at that time that he could no longer grieve the alleged assault by Defendant (Id. at 4). He did, however, use the regulations to properly file 29 other grievances.

Defendant's reply argues that Plaintiff conceded he did not exhaust remedies as to his claim, and that there is no evidence showing that Plaintiff requested an extension of time to file a grievance - which is provided for in the rules and regulations (Doc. #10 at 2-3). Defendant further asserts that the jail's grievance policy allows grievances alleging excessive use of force to be filed within 60 days from the date of the event (Id. at 3).

**II. Legal Standard**

Plaintiff must first exhaust "available" administrative remedies before bringing this

- 2 -

1  action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir.
2  2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the
3  administrative review process in accordance with the applicable rules. See Ngo v.
4  Woodford, 126 S.Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison
5  life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered
6  through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

7        Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt
8  v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of
9  abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to
10 decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Further, a court has broad
11 discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l
12 Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation
13 omitted).

14 **III. Analysis**

15       Defendant bears the burden of specifying what remedies were "available" to Plaintiff.
16 Brown, 422 F.3d at 936-37. Plaintiff asserts that he did not receive a copy of the "MCSO
17 Rules and Regulations," which provide that grievances must be filed within 48 hours of the
18 event, until 30 days after the alleged assault. Defendant does not dispute this claim, but
19 merely argues that the rules provide that time limits may be extended upon request and
20 Plaintiff failed to make any such request. They also note that excessive use of force claims
21 may be filed within 60 days of the incident; therefore, Plaintiff had sufficient time to file his
22 grievance. But there is nothing in the proffered section of the rules and regulations stating
23 that excessive force claims may be filed within 60 days. The extended time limit for
24 excessive force claims is only expressed in Policy DJ-3, and no evidence reflects that
25 Plaintiff ever received a copy of Policy DJ-3 or that he was otherwise aware of its provisions.
26 The Court finds that there is no evidence to show that Plaintiff was aware of the 60 day time
27 frame in which to file, and that it was reasonable for him to conclude that he could not file
28 a grievance 30 days after the incident when the regulations set forth a 48 hour time limit.

Prior to receiving a copy of the rules and regulations, however, Plaintiff filed a grievance seeking medical treatment on June 5, 2005. Defendant submitted a copy of this grievance which reflects that the issue - after being appealed to the second step - was resolved by the Shift Supervisor (Ex. A, Doc. #10). More importantly, the proffered grievance demonstrates that prior to Plaintiff's receipt of the regulations on June 25, 2006, he had access to the grievance system and was aware of his right to appeal decisions. Although he did not yet have the guidance of the rules and regulations, he did have access to the grievance forms which include directions for submitting the initial grievance and appealing to the next two steps (See id.). Because the grievance forms do not include any information concerning the time limit in which to grieve an issue, no information Plaintiff had access to would have prohibited him from grieving his claim of excessive use of force. Thus, the evidence shows that Plaintiff had an "available" remedy for his claim.

Moreover, Plaintiff's assertion that any attempt to appeal his grievance was futile is not an excuse. See Booth, 532 U.S. at 741 n. 6 ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"). Plaintiff was required to use the available process. Had he done so and received a rejection, all available remedies would have been exhausted. Accordingly, Plaintiff has failed to rebut Defendant's claim that administrative remedies were not exhausted.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #7) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 14th day of September, 2006.

_____
Mary H. Murgula
United States District Judge